IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21-CR-802 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | |
| ALEN ENI GORISHTI, | ) | UNITED STATES' SENTENCING |
| | ) | MEMORANDUM |
| Defendant. | ) | |

Now comes the United States of America, by its counsel, Rebecca C. Lutzko, United States Attorney, and Brian M. McDonough and Michelle M. Baeppler, Assistant United States Attorneys, and hereby submits this this memorandum to aid the Court in its sentencing of Defendant Alen Eni Gorishti. The United States requests that this Honorable Court impose a Guidelines prison sentence of 12 months his grossly negligent conduct that caused the death of victim R.B. Such a sentence would reflect the seriousness of the offense and deter future criminal conduct by him and others.

Respectfully submitted,

REBECCA C. LUTZKO
United States Attorney

By:  /s/ Brian M. McDonough
Brian M. McDonough (OH: 0072954)
Michelle M. Baeppler (OH: 0065378)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3965/3995
(216) 522-8354 (facsimile)
Brian.McDonough@usdoj.gov
Michelle.Baeppler@usdoj.gov

## MEMORANDUM

I. **APPLICABLE LEGAL STANDARDS**

To determine the appropriate sentence for a defendant, a court must consider the applicable guidelines range under 18 U.S.C § 3553(a). *United States v. Thompson*, 515 F.3d 556, 560 (6th Cir. 2008). Though the guidelines are advisory now, they are still a "starting point and initial benchmark." Id. at 560-61; see also Gall v. United States, 552 U.S. 38, 39 (2007). Accordingly, a court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" outlined in 18 U.S.C. § 3553(a)(2). 18 U.S.C. § 3553(a). These purposes are: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed" including the seriousness of the conduct and the danger the Defendant poses to the public; (3) the sentences available; (4) the types of sentences, and the sentencing range established by the Sentencing Commission; (5) any relevant policy statement issued by the Sentencing Commission; (6) "the need to avoid unwarranted sentence disparities; and (7) the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). Once a court determines the appropriate sentencing range, it should then consider that range in light of the other relevant § 3553(a) factors.  *Thompson*, 515 F.3d at 561.

II. **APPLICATION OF THE SECTION 3553(A) FACTORS**

In general, § 3553(a) lists seven factors that the Court must consider before sentencing. This includes the nature and circumstances of the offense, the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, afford adequate deterrence to criminal conduct, protect the public and others listed in the statute.  The government requests that the Court impose a 12-month sentence that matches Gorishti's culpability for his grossly negligent conduct in operating the *Petite Forte* that led to the crash with the *Lund* capsizing it, causing R.B.

2

and M.J. to enter the waters of Lake Erie and causing the death of R.B. by drowning. Such a sentence meets the requirements for a sentence that is sufficient, but not greater than necessary, to comply with the purposes of the § 3553(a) factors. 18 U.S.C. § 3553(a)(2).

<u>Nature and Circumstances of the Offense.</u>

On November 6, 2016, Alen Eni Gorishti, serving as Second Mate responsible for the safe navigation of the ITB *Petite Forte* ("*Petite Forte*"), crashed into the *The Lund* ("*Lund*"), a recreational fishing boat that was anchored in Lake Erie.

Below is a diagram of the *Petite Forte* and the *Lund*.



*Lund* and *Petite Forte*

Gorishti was grossly negligent for the crash in not seeing *Lund*. From his vantage point, had he been looking, he would have seen *Lund*.

Below is a photograph from the bridge of the *Petite Forte*. The photograph was taken after the *Petite Forte* had unloaded its cargo and was docked in the Cuyahoga River.



In addition to the forensic evidence of paint transfer between the *Lund* and the *Petite Forte,* GPS evidence showed the path of the *Petite Forte* (yellow pushpins) into the *Lund* (blue dots.)



The United States Coast Guard was able to rescue passenger M.J. from the *Lund* Below is a photograph of the rescue.



When interviewed by law enforcement, Gorishti stated and represented that the *Petite Forte* did not crash into the *Lund* and claimed that he saw the *Lund* in distress off the port side before the *Petite Forte* got close to the *Lund*.  Civil litigation ensued with Gorishti being named a third-party defendant.  *See Great Lakes International Towing & Salvage, Inc., et al.*, Case No. 1:17CV2116, Judge Dan Aaron Polster.  The civil case was referred to mediation and ended in a settlement.  *Id.*, ECF Nos. 24 and 42.  A timely Indictment was filed on November 3, 2021, charging Gorishti with one count of seaman's manslaughter, in violation of 18 U.S.C. § 1115, and one count of making a false statement to law enforcement, in violation of 18 U.S.C. § 1001(a)(2). Dkt. 1, Indictment.

<u>History and Characteristics of Defendant.</u>

Gorishti, a Canadian National, has known about the indictment since on or about June 3, 2022.  Gorishti had flown from Canada from Mexico for a trip.  When he attempted to enter the country, Mexican authorities denied him entry and informed him of his arrest warrant and indictment in this case. Mexican authorities deported Gorishti to Canada via a direct flight.  While a fugitive, Gorishti did not seek to resolve his fugitive status with law enforcement, or the U.S. Attorney's Office for the Northern District of Ohio.  Upon information and belief, Gorishti did not even contact his civil attorney from the civil litigation.

Gorishti remained a fugitive for approximately 20 months until Gorishti took another international trip and flew to Colombia.  When he attempted to enter Colombia, Gorishti concealed his arrest warrant and pending indictment from Columbian authorities.  Colombian Immigration Police detained him for his concealment and failure to disclose and denied him entry into Colombia.  Gorishti was ordered deported to Canada and was flown via Miami, Florida.  Upon his arrival in Miami on or about January 14, 2024, the U.S. Marshal's Service arrested Gorishti on the

6

warrant obtained in this case for the charges of Seaman's Manslaughter (18 U.S.C. §§ 1115) and False Statement (18 U.S.C. § 1001) in the original indictment.

<u>Seriousness of the Conduct.</u>

Defendant navigated the *Petite Forte* in a manner that resulted in the capsizing of a boat with the death of one passenger and the survival of another. The victims suffered harm as a result of Gorishti's conduct. On August 10, 2016, approximately three months before the crash, Gorishti received the following warning letter for his conduct:



August 10th, 2016

Privet and Cofidential

Mr. Alen Gorishti 2nd Mate Tug Petite Forte

**Warning Letter**

I am writing to you about your conduct during last two months on board of the tug "Petite Forte".

Between July 20th and Aougust 09th, I recived complaints from the Captian of the same tug, about your professional conduct and behavior when on board.

Complaints are that you are not folloowing orders and instructions, not keeping proper records of the vessel's positions as on the lake, and when in port you are not keeping proper records of the on-going operation. We understand that you had received verbal warning by the Captain about your conduct, and that you showed very little improvement.

This type of behaviour is totally unaceceptable and may jepardize safety of the operation.

After considering the situation, I am presenting you with your first warning letter. Your employment may be terminated if your conduct will not improve.

If you wish to respond to this formal letter please do so by contacting me on my office number 1 (905) 333 - 1600, or by replying in writing.

Your sincerely

Mirek Gassowski
President

Gorishti's conduct jeopardized the safety of the operation in the worst possible way: killing someone. To deter himself, and others like him in grossly negligent conduct, and to promote maritime safety, a sentence of 12 months imprisonment is appropriate.

## III. CONCLUSION

For these reasons, the United States requests that this Court impose a prison sentence of 12 months of imprisonment for Gorishti.

        Respectfully submitted,

        REBECCA C. LUTZKO
        United States Attorney

By:   /s/ Brian M. McDonough
        Brian M. McDonough (OH: 0072954)
        Michelle M. Baeppler (OH: 0065378)
        Assistant United States Attorney
        United States Court House
        801 West Superior Avenue, Suite 400
        Cleveland, OH 44113
        (216) 622-3965/3995
        (216) 522-8354 (facsimile)
        Brian.McDonough@usdoj.gov
        Michelle.Baeppler@usdoj.gov